**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CHELSEY L. COOPER and** § | |
| **CHRISTOPHER T. COOPER,** § | |
| Individually and as Representatives of the § | |
| Estate of LANORIS L. COOPER, Deceased § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 3:14-CV-02733-M-BH |
| § | |
| **GREEN TREE SERVICING LLC,** § | |
| **et al.,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated December 10, 2014, this case was referred for pretrial management. Before the Court is *Defendants Green Tree Servicing LLC and U.S. Bank National Association's Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 12 (b)(6)*, filed August 5, 2014 (doc. 5). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED in part, and DENIED in part**.

**I. BACKGROUND**

This case involves the foreclosure of real property located at 1216 Sunny Glen Drive, Dallas, TX 75232 (the Property). (docs. 1-5 at 2; 6 at 2.)[1] On May 16, 2014, Chelsey L. Cooper and Christopher T. Cooper (Plaintiffs), individually and as representatives of their mother Lanoris L. Cooper's estate, filed this suit against Green Tree Servicing LLC and U.S. Bank National Association, as Trustee in Trust for the Benefit of the Holder of Servitis Funds I Trust 2009-2

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Certificates, Series 2009-2 (the Defendants) in the 162nd Judicial District of Dallas County. (doc. 1-5 at 1.) On July 31, 2014, Defendants removed this action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 3-6.)

Plaintiffs claim that their mother, Lanoris L. Cooper, died on November 13, 2009. (doc. 1-5 at 2.) Subsequently, Defendants filed an application for foreclosure against her in the 162nd Judicial District of Dallas County. (*Id.*) According to Plaintiffs, Defendants filed certificates of service stating that their mother was "served notice" of the lawsuit on December 3, 2009, and March 4, 2010, after her death. (*Id.*) Plaintiffs argue that she was therefore never served, and that neither her estate nor her children were ever served either. (*Id.*)

The state court issued an order of foreclosure on May 18, 2010, which Plaintiffs contend is void "on due process grounds because neither Lanoris Cooper nor her heirs were ever properly served." (*Id.*) They filed a petition for bill of review seeking to set aside the May 18, 2010 order of foreclosure. (*Id.*) "Upon information and belief," the Property was sold, and they "have therefore been deprived of their property because Defendants have appropriated it." (*Id.* at 2-3.)

Plaintiffs' petition asserts claims for violation of the Texas Theft Liability Act (TTLA) and wrongful foreclosure. (*Id.*) They seek actual damages, statutory damages pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(a)(1), exemplary damages, attorney's fees, pre-and post-judgment interest, and costs of suit.

Defendants moved to dismiss Plaintiffs' petition on August 5, 2014. (doc. 5.) With a timely-filed response (doc. 9) and a timely-filed reply (doc. 10), the motion is now ripe for recommendation.

## II. MOTION TO DISMISS

Defendants move to dismiss Plaintiffs' claims for violation of the TTLA and wrongful foreclosure pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 5.)

**A.** **Rule 12(b)(6) Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

3

> Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950–51.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise; documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9

4

(5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Defendants attached to their motion a copy of Plaintiffs' petition. (doc. 6-1.) Because the attachment is the actual pleading and a matter of public record, conversion of Defendants' motion to dismiss into a motion for summary judgment is unnecessary. *See id.*; *Katrina Canal Breaches Litig.*, 495 F.3d at 205.

**B.    Violation of TTLA**

Defendants seek to dismiss Plaintiffs' claim for violation of the TTLA because it is barred by the applicable statute of limitations. (doc. 6 at 5.) Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[] on the face of the complaint." *Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 2473840, at *4 (N.D. Tex. June 16, 2010) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

Pursuant to the TTLA, a person who commits "theft"[2] is liable for actual damages and up to $1000.00 in additional damages. Tex. Civ. Prac. & Rem. Code Ann. §§ 134.003, 134.005 (West 2013). The TTLA does not specify a limitations period, but courts have applied the two-year statute of limitations listed under Tex. Civ. Prac. & Rem. Code § 16.003(a). *See, e.g.*, *Malik v. ConocoPhillips Co.,* No. 6:12-cv-655, 2014 WL 3420775, at *5 (E.D. Tex. June 23, 2014); *Howard v. Sony BMG Music Entm't*, No. CIV A H-06-3133, 2007 WL 2537865, at *3 (S.D. Tex. Aug. 31, 2007), *aff'd*, 293 F. App'x 350 (5th Cir. 2008); *J & J Sports Prods., Inc. v. JWJ Mgmt., Inc.*, 324 S.W.3d 823, 832 (Tex. App.— Fort Worth 2010, no pet.). A cause of action under TTLA accrues

---

[2] "Theft" is defined as "unlawfully appropriating property or unlawfully obtaining services as described by . . . Texas Penal Code." *Id.* § 134.002.

when the appropriation takes place. *Jeanbaptiste v. Wells Fargo Bank, N.A.*, No. 3:14-cv-264, 2014 WL 2158415, at *10 (N.D.Tex. May 22, 2014).

Plaintiffs allege that Defendants violated the TTLA "in that they have unlawfully appropriated property belonging to Plaintiffs through their mother." (doc. 1-5 at 3.) They claim that the Property has been sold "[u]pon information and belief," and they have therefore been deprived of the Property because "Defendants have appropriated it." (doc. 1-5 at 3.) They contend they have been damaged as a result of Defendants' "theft of property" and are entitled to damages for the value of the Property as well as additional damages under Tex. Civ. Prac. & Rem. Code § 134.005(a)(1).

Defendants argue that according to the petition, the latest date on which Plaintiffs' TTLA claim could accrue was May 18, 2010, the date the state court entered the order of foreclosure. (*See* doc. 6 at 6.) However, the actual misappropriation of the Property, or theft, occurred at the time of the actual foreclosure sale. *See U.S. v. Bishop,* 262 B.R. 401, 405 (W.D. Tex. 2000) (finding a valid foreclosure sale, and not just an order of foreclosure, must occur in order for the borrower to be divested of his legal and equitable interests in the property); *see also Garcia v. Garcia De Ortiz*, 257 S.W.2d 804, 808 (Tex. Civ. App.–San Antonio 1953, no writ)("When the Bank foreclosed its mortgage and bought the property at the sheriff's sale, it acquired ... title to this land, and at that time the appellant owned no interest ... in the land."). Plaintiffs' TTLA claim did not accrue until the Property was sold at the foreclosure sale. It is not apparent from the face of the petition when, or even if, a foreclosure sale occurred. Plaintiffs simply state that the Property has been sold "upon information and belief." (*See* doc. 1-5 at 3.) Accordingly, because it is not apparent from the face of the petition when Plaintiffs' TTLA claim accrued, it is not apparent whether the statute of limitations has run or expired. Defendants' motion to dismiss Plaintiff's claim on the basis that it

6

is barred by the statute of limitations should be denied.

**C.** <u>**Wrongful Foreclosure**</u>

Defendants seek dismissal of Plaintiffs' claim for wrongful foreclosure because they fail to plead a single element of the claim. (doc. 6 at 7.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A procedural defect may occur when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. Nevertheless, recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, C.J.).

Apart from their bare allegation that the Property was "taken wrongfully by Defendants as a result of their wrongful foreclosure," Plaintiffs fail to state any facts supporting a wrongful

foreclosure action. They do not allege that the Property was sold for a grossly inadequate selling price; nor do their allegations show a causal connection between a defect in the foreclosure process and any such grossly inadequate selling price. *See Hurd*, 880 F. Supp. at 747.

Because Plaintiffs fail to state a claim for wrongful foreclosure, Defendants' motion to dismiss this claim under Rule 12(b)(6) should be granted.

### III. OPPORTUNITY TO AMEND

Plaintiffs seek leave to amend their petition to replead their wrongful foreclosure claim more specifically. (doc. 9 at 2.)[3]

"[I]t is not unusual for plaintiffs who oppose a motion to dismiss to request leave to amend in the event the motion is granted ." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). While a court may deny the motion and dismiss the complaint, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir.2000) (citation omitted). In other words, "a plaintiff's failure to meet the specific pleading requirements should not automatically or [inflexibly] result in dismissal of the complaint with prejudice." *Id.* Given the consequences of dismissal on the complaint alone, and the preference for adjudication on the merits, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains*, 313 F.3d at 329. "Granting

---

[3]To the extent Plaintiffs move for leave to amend their response, the motion does not comply with Rule 15.1(a) of the Local Civil Rules for the Northern District of Texas. Nevertheless, as outlined below, they should be accorded an opportunity to amend.

leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim." *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977).

Here, Plaintiffs specifically request an opportunity to amend their petition to replead their wrongful foreclosure claim, and it does not appear that they have pled their best case as to that claim. They should therefore be accorded an opportunity to amend their petition to sufficiently state a claim for relief.

## IV. RECOMMENDATION

If Plaintiffs do not file a first amended complaint that states a claim for relief within 14 days for objections to this recommendation, or a deadline otherwise set by the Court, Defendants' 12(b)(6) motion to dismiss should be **GRANTED in part** and **DENIED in part,** and Plaintiffs' claim for wrongful foreclosure should be **DISMISSED**. If Plaintiffs timely file a first amended complaint, however, the motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the first amended complaint.

**SO RECOMMENDED on this 6th day of February, 2015.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE